IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

      Plaintiff,                           No. CIV S-08-0423 FCD GGH

  vs.

KARAMJIT KAUR GREWAL,         FINDINGS & RECOMMENDATIONS
et al.,

      Defendants.
_____/

        Plaintiff's motion for entry of default judgment against Defendant Karamjit Kaur Grewal, filed September 5, 2008, was heard on November 20, 2008.  Scott N. Johnson represented himself.  Defendant made no appearance.  Upon review of the motion and supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

        On February 25, 2008, plaintiff filed the underlying complaint in this action against defendant Karamjit Kaur Grewal, individually and d/b/a Rosemont Wine & Liquor, individually and as successor trustee of the Grewal Children's Trust of 2000, which owns the property operated as "Rosemont Wine & Liquor" at 9106 Kiefer Blvd., Sacramento, California.  See Complaint, at pp. 2-3; Grant Deed, attached as exhibit to Complaint.  Plaintiff alleges he

1

visited the store in October, 2007, but encountered architectural barriers in the form of a "lack of a van accessible disabled parking space, accessible route, accessible entrance, accessibility signage and striping counter." Complaint, at p. 3.  He asserts that these defects constitute violations of the Americans With Disabilities Act and state law.  Id.  The summons and complaint were personally served on Jagjit Singh, an employee in charge of the business at the time of service, on March 17, 2008.[1]  Fed. R. Civ. P. 4(e)(2).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendant has failed to file an answer or otherwise defend in this action.[2]  On August 5, 2008, the clerk entered default against defendant Karamjit Kaur Grewal.

Notice of entry of default and the instant motion for default judgment and supporting papers were served on defendant.  Plaintiff seeks an entry of default judgment in the amount of $24,000 pursuant to California Civil Code section 52(a).[3]

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The

---

[1] The summons and complaint were also mailed to defendant on March 17, 2008. (Docket #5.)

[2] Defendant did file a document on September 18, 2008, after default was entered, with an attached letter to plaintiff, requesting that the hearing on the motion for default judgment be continued because he was out of town until November 15, 2008.  This filing does not constitute an intent to defend.  See W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 6:89.

[3] Cal.Civil Code § 52(a) provides: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6."

memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that plaintiffs' motion for entry of default judgment be GRANTED as to Karamjit Kaur Grewal, individually and d/b/a Rosemont Wine & Liquor, individually and as successor trustee of the Grewal Children's Trust of 2000. Judgment should be rendered in the amount of $12,000.[4]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 1, 2008

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/Johnson0423.def.wpd

---

[4] While plaintiff seeks $4000 for each actual visit to the restaurant and each foregone visit (see Motion for Default Judgment, at p. 4, and Complaint, at p. 4), he has pled only that he actually visited the store parking lot three times. With no explanation whatsoever, plaintiff's general allegation of five foregone visits is inadequate to sustain statutory damages for these visits.